UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| U. S. SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 2:11-cv-05020-DMC-JAD |
| CLAY CAPITAL MANAGEMENT, LLC, ) JAMES F. TURNER II, ) SCOTT A. VOLLMAR, ) SCOTT A. ROBARGE, and ) MARK A. DURBIN, ) ) | Hon. Judge Dennis M. Cavanaugh Hon. Mag. Judge Joseph A. Dickson |
| Defendants, ) ) | |

**FINAL JUDGMENT AS TO DEFENDANT CLAY CAPITAL MANAGEMENT, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant Clay Capital Management, LLC ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

 (a) purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person of such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

3

(b) communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

(i) to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

(ii) to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

(iii) to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

4

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,062,822.36, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $182,444.73 for a total of $1,245,267.09.  Based on Defendant's sworn representations in its Statement of Financial Condition dated February 24, 2012, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of all but $850,000 of the disgorgement and pre-judgment interest thereon is waived.  Defendant shall satisfy this obligation by paying $850,000 within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Clay Capital Management, LLC as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.  The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent

of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. The determination not to impose a civil penalty and to waive payment of all but $850,000 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the

maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: Aug 29, 2012

_____
UNITED STATES DISTRICT JUDGE

Dennis M. Cavanaugh
U.S. District Judge